IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV81-1-MU

SILVANO GUERRA DIAZ,               )
                                   )
          Petitioner,              )
                                   )
     v.                            )          **O R D E R**
                                   )
REGINALD WEISNER,                  )
                                   )
          Respondent.              )
_____  )

**THIS MATTER** comes before the Court upon Respondent's Motion for Summary

Judgment, filed April 22, 2005.

Upon a review of the record, the arguments, and applicable authorities, the Court finds

that Respondent's motion for summary judgment should be <u>granted</u> and Petitioner's § 2254

petition for writ of habeas corpus should be <u>dismissed</u>.

## PROCEDURAL BACKGROUND

On August 8, 2003, in the Superior Court of Union County, Petitioner was convicted,

after trial by jury, of trafficking in more than 400 grams of cocaine; trafficking in more than 400

grams of cocaine by possession, and conspiracy to traffic in more than 400 grams of cocaine.

Petitioner was sentenced to three terms of 175-219 months imprisonment. The North Carolina

Court of Appeals issued an unpublished opinion affirming Petitioner's conviction and sentence.

On October 25, 2005, Petitioner filed a Motion for Appropriate Relief (MAR) in the

Superior Court of Union County. On December 1, 2005, the Superior Court summarily denied

Petitioner's MAR. On January 3, 2006, Petitioner filed a certiorari petition in the North Carolina Court of Appeals where it was denied on January 20, 2006.

On February 23, 2006, Petitioner filed the instant federal habeas petition. In his federal habeas petition Petitioner asserts that (1) his indictments were multiplicious using the same essential elements for the first two counts; (2) the trial court violated his due process and equal protection rights by (a) never advising him of his right to contact the Mexican Consulate and (b) denying him a speedy trial ; and (3) he received ineffective assistance of trial and appellate counsel because counsel: (a) did not contact the Mexican consulate; (b) did not object to the multiplicious indictments; and (c) did not object to the use of two simultaneous Spanish Interpreters; (4) he was assigned two simultaneous interpreters who were not qualified and he was not able to communicate with and ask questions of counsel and did not fully understand procedures; (5) the trial court committed plain error when it instructed the jury on constructive possession and acting in concert because these theories were not alleged in the indictment; (6) there was insufficient evidence to support his convictions; and (7) the trial court committed plain error by instructing the jury on conspiracy in the disjunctive when the indictments charged in the conjunctive.

## ANALYSIS

### A. APPLICABLE LAW

The threshold inquiries for a federal court reviewing a federal habeas petition are whether the petitioner has exhausted his claims before the appropriate state courts and whether those claims are procedurally barred. 28 U.S.C. § 2254. In order to exhaust a claim a petitioner must have fairly presented it to the state courts. See Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir.

2000), cert. denied, 531 U.S. 1193 (2001).

If a petitioner's claim is unexhausted, it may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court. See id. However, when the procedural bar that gives rise to exhaustion provides an independent and adequate state law ground for the conviction and sentence it prevents federal habeas review of the defaulted claim unless the petitioner can establish cause and prejudice for the default. See id.

If a petitioner's claims are exhausted and not procedurally barred, the federal court must next examine whether or not the petitioner's claims were "adjudicated on the merits" by the state court. If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in 28 U.S.C. § 2254(d) applies. If a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits,[1] a federal court reviews the claims questions of law and mixed questions of law and fact de novo. Angelone v. Weeks, 176 F.3d 249, 258 (4th Cir. 1999), aff'd, 528 U.S. 225 (2000).

The standard of review set forth in § 2254(d) is to be applied to "all claims 'adjudicated on the merits,' that is, those claims substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999). The standard of review is "quite deferential to the rulings of the state court." Burch v. Corcoran, 273 F.3d 577, 583 (4th Cir. 2001), cert. denied, 535 U.S. 1104 (2002). This

---

[1] If the state court has not ruled on the merits of a claim because it has expressly denied a habeas petitioner's claim based upon an independent and adequate state procedural rule such claim is considered procedurally defaulted in federal court. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

deference extends to summary dismissals. See Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001).

Pursuant to § 2254(d) a federal court may not grant a writ of habeas corpus unless the state court's adjudication: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" . . . ; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . ." Id. (internal citations omitted).

The Supreme Court has explained that a state court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000), quoted in Burch. An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this Court may not issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. Id.

## B. **MULTIPLICIOUS INDICTMENTS**

Petitioner alleges that his indictments were multiplicious the same essential elements were used for the first two counts. To support this contention Petitioner asserts that he possessed the same cocaine at the same time that he transported it so he should not be convicted of two separate crimes for essentially the same act.

Petitioner did not raise this claim in his initial appeal. He did raise this claim in his

MAR.  The MAR court held that Petitioner's multiplicious indictment claim was procedurally barred because he had failed to raise it in his first appeal.  The procedural default rule of § 15A-1419(a) and (b) is an adequate and independent state ground precluding habeas review.  See Williams v. French, 146 F.3d 203, 209 (4th Cir. 1998), cert. denied, 525 U.S. 1155 (1999). Consequently, Petitioner has procedurally defaulted this claim.

Even if Petitioner had not procedurally defaulted this claim it would still fail.  In addition to holding that this claim was procedurally barred, the MAR court also summarily stated that the indictments at issue were not defective and the claim was without merit.  Such a summary dismissal is consider an adjudication on the merits sufficient to trigger § 2254(d)'s standard of review.  See Bell v. Jarvis, 236 F.3d 149, 176 (4th Cir. 2000)(en banc), cert. denied, 534 U.S. 830 (2001).  As set forth below, the state court's decision is correct and is not contrary to nor involves an unreasonable application of clearly established law as set forth by the United States Supreme Court.  Nor is it based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings.

The established Supreme Court precedent regarding double jeopardy claims is Blockburger v. United States, 284 U.S. 299 (1932) and United States v. Dixon, 509 U.S. 688 (1993).  In Blockburger the Supreme Court held that where each offense contains an element not required by the other no double jeopardy problems exist.  Blockburger, 284 U.S. at 304.  In Dixon the Supreme Court reaffirmed the same elements test set forth in Blockburger and rejected a prior holding that double jeopardy bars prosecution for a crime based on the same conduct for which the defendant has already been convicted.  Dixon, 509 U.S. at 704.

Under North Carolina law the elements of trafficking in cocaine by transportation and

5

trafficking in cocaine by possession are different crimes with different essential elements – possession and transportation – and do not violate the Double Jeopardy Clause. See Sanderson v. Rice, 777 F.2d 902, 904-08 (4th Cir. 1985), cert. denied, 475 U.S. 1027 (1986)(denying habeas claim that convictions under North Carolina law for trafficking by possession and trafficking by manufacture violated double jeopardy); State v. McCoy, 105 N.C. App. 686 (1992)(same). As such, Petitioner has failed to establish that the MAR court's ruling was contrary to or involved an unreasonable application of clearly established law as set forth by the United States Supreme Court. Or that is it based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings.

## C. VIENNA CONVENTION CLAIM

Petitioner alleges that the trial court erred and violated his due process and equal protection rights when it failed to inform him of his right, pursuant to the Vienna Convention, to contact the Mexican Consulate.

Petitioner raised this claim for the first time in his MAR. The MAR court addressed this claim and ruled:

> The Defendant was represented by two attorneys of his own choosing. If this occurred, it was harmless error and would not be the basis for overturning the judgment in this case. Further, the Defendant was in a position to adequately raise this issue or ground underlying this present Motion upon a previous appeal but did not do so.

As indicated above, the MAR court held that Petitioner's Vienna Convention claim was procedurally barred because he had failed to raise it in his first appeal. The procedural default rule of § 15A-1419(a) and (b) is an adequate and independent state ground precluding habeas review. See Williams v. French, 146 F.3d 203, 209 (4th Cir. 1998), cert. denied, 525 U.S. 1155

(1999). Consequently, Petitioner has procedurally defaulted this claim.

Even if Petitioner had not procedurally defaulted this claim it would still fail. In addition to holding that this claim was procedurally barred, the MAR court also summarily stated that the claim was without merit. Such a summary dismissal is consider an adjudication on the merits sufficient to trigger § 2254(d)'s standard of review. See Bell v. Jarvis, 236 F.3d 149, 176 (4th Cir. 2000)(en banc), cert. denied, 534 U.S. 830 (2001). As set forth below, the state court's decision is correct and is not contrary to nor involved an unreasonable application of clearly established law as set forth by the United States Supreme Court. Nor is it based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings.

Petitioner does not cite to any clearly established Supreme Court precedent to support his claim that his constitutional rights were violated. In his MAR Petitioner admits that his Vienna Convention claim might be one of first impression. On June 28, 2006, the Supreme Court issued an opinion in which it declined to decide whether the Vienna Convention created judicially enforceable individual rights. Sanchez-Llamas v. Oregon, 126 S. Ct. 2669, 2677-78 (2006). As such Petitioner fails to meet the standard set forth in § 2254(d) and his claim fails.

**D. SPEEDY TRIAL CLAIM**

Petitioner alleges that the trial court denied him his speedy trial rights. Petitioner provides no specifics in his federal habeas petition with regard to this claim.

Petitioner raised this claim for the first time in his MAR. The MAR court addressed this claim and ruled:

> the record reflects that on June 23, 2003, attorneys for Defendant
> filed a "Motion to Dismiss for Violation of Right to Speedy Trial"

which alleges that the Defendant requested on May 28, 2003 that his matter be heard immediately. The trial occurred on the dates of August 5, 2003 to August 8, 2003. This was not an undue delay following the Defendants's motion and furthermore, upon a previous appeal the Defendant was in a position to adequately raise the ground or issue underlying the present motion but did not do so.

As indicated above, the MAR court held that Petitioner's speedy trial claim was procedurally barred because he had failed to raise it in his first appeal. The procedural default rule of § 15A-1419(a) and (b) is an adequate and independent state ground precluding habeas review. See Williams v. French, 146 F.3d 203, 209 (4th Cir. 1998), cert. denied, 525 U.S. 1155 (1999). Consequently, Petitioner has procedurally defaulted this claim.

Even if Petitioner had not procedurally defaulted this claim it would still fail. In addition to holding that this claim was procedurally barred, the MAR court also stated that the claim was without merit. As set forth below, the state court's decision is correct and is not contrary to nor involved an unreasonable application of clearly established law as set forth by the United States Supreme Court. Nor is it based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings.

In Barker v. Wingo, 407 U.S. 514 (1972), the Supreme Court held that to establish a constitutional speedy trial violation, a defendant must show that on balance four factors weigh in his favor: (1) length of delay; (2) reason for delay; (3) assertion of speedy trial right; and (4) prejudice. In Barker the Court indicated that more delay will be tolerated the more serious the crime. Id. at 531. Petitioner does not assert, and this Court does not find, that the state court decision was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. Likewise, Petitioner does not assert and this Court does not find that the state

court ruling was based on an unreasonable determination of facts, in light of the evidence presented in state court proceedings. Indeed, Petitioner presents no argument beyond his bare assertion[2] that his speedy trial rights were violated.

## D.  INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner alleges that he received ineffective assistance of trial and appellate counsel.[3] More specifically, Petitioner alleges that his counsel did not contact the Mexican Consulate; did not object to the multiplicious indictment; and did not object to two simultaneous interpreters. The Court will address each of Petitioner's contentions below.

### 1. Failure to Contact Mexican Consulate

Petitioner alleges that his trial counsel were ineffective because they failed to inform him of his right, pursuant to the Vienna Convention, to contact the Mexican Consulate. Petitioner does not provide any specifics as to this claim in his federal habeas petition.

Petitioner raised this claim in his MAR. The MAR court denied this claim stating: "As previously stated, this is at most harmless error. The Defendant had retained two experienced attorneys and received a trial in which the North Carolina Court of Appeals found no error." Because the state court adjudicated this claim on the merits, in order to prevail on federal

---

[2]  See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), cert. denied, 507 U.S. 923 (1993)("a habeas petitioner must come forth with some evidence that the claim might have merit. Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.").

[3]  Petitioner does not distinguish in his federal habeas petition whether he is asserting trial or appellate counsel or both were ineffective for the three ineffective assistance of counsel claims that he sets forth. Petitioner was, however, more specific in his MAR. Because claims that were not raised in his MAR would be procedurally barred this Court will assume Petitioner intends to assert the same claims here that he asserted in his MAR.

habeas review, Petitioner must establish that the state court's ruling resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent or that resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

The controlling Supreme Court precedent for ineffective assistance of counsel claims is Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689, Fields v. Attorney General of Md.. 956 F.2d 1290, 1297-99 (4th Cir.), cert, denied. 474 U.S. 865 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields. 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

Petitioner has failed to establish the prejudice prong of his claim. That is, Petitioner sets forth no specifics in his habeas petition as to why he was prejudiced. In his response to Respondent's Motion for Summary Judgment, Petitioner generally asserts that he was unable to understand the proceedings. He also conclusorily asserts that he would have received the proper representation for a fair trial if the consulate had been contacted. Such conclusory assertions simply do not carry Petitioner's burden of establishing prejudice. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), cert. denied, 507 U.S. 923 (1993)("a habeas petitioner must come

forth with some evidence that the claim might have merit. Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."). Moreover, after reviewing the record this Court is unconvinced that the Mexican consulate could have assisted Petitioner more ably than his two retained counsel.

## 2. Failure to Object to Multiplicious Indictments

Petitioner also alleges that his appellate counsel was ineffective because he failed to object to his multiplicious indictments. More specifically, Petitioner alleges that his first two counts had the same elements.

Petitioner raised this claim for the first time in his MAR. The MAR court addressed this claim and ruled that "the indictments were not defective or insufficient and his claim is meritless."
and concluded its ineffective assistance of counsel analysis by holding that:

> Using the Strickland v. Washington standard to measure whether Counsel was ineffective, this Court finds that no claim by the Defendant has merit because the performance by both trial or appellate counsel as to the claims Defendant sets out did not fall below an objective standard of reasonableness and there is not a reasonable probability of a different result in the outcome of this proceeding even if counsels' performance here was deficient. The attorneys provided effective assistance of counsel.

Because the state court adjudicated this claim on the merits, in order to prevail on federal habeas review, Petitioner must establish that the state court's ruling resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent or that resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). For

the reasons previously set forth in this Order, this Court holds that Petitioner's counsel was not ineffective for failing to raise this meritless issue.

### 3. Failure to Object to the Two Simultaneous Interpreters

Petitioner also alleges that his appellate counsel was ineffective for failing to object to having two certified simultaneous interpreters.

Petitioner raised this claim in his MAR. The MAR court denied this claim stating:

> As previously stated, this is at most harmless error. The Defendant had retained two experienced attorneys and received a trial in which the North Carolina Court of Appeals found no error. . . . No allegation or affidavit is brought forward as to a failure of one Defendant to understand or that the interpreter was ineffective in any way. Using the Strickland v. Washington standard to measure whether Counsel was ineffective, this Court finds that no claim by the Defendant has merit because the performance by both trial or appellate counsel as to the claims Defendant sets out did not fall below an objective standard of reasonableness and there is not a reasonable probability of a different result in the outcome of this proceeding even if counsels' performance here was deficient. The attorneys provided effective assistance of counsel.

It thus appears that the MAR Court ultimately ruled that Petitioner's claim was defaulted because he had not complied with § 15A-1420 which requires a petitioner to attach supporting affidavits for claims not based upon facts ascertainable from the record. Section 15A-1420(b) is an adequate and independent state procedural rule. See Richmond v. Polk, 375 F.3d 309, 324 (4th Cir. 2004). Under the procedural default doctrine, federal habeas review of claims defaulted by prisoners in state court pursuant to an independent and adequate state procedural rule are barred. See Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998). Petitioner has not established the requisite cause and prejudice to excuse his default, consequently, his claim is barred by the

doctrine of procedural default.

Moreover, even if his claim were not procedurally defaulted, because the state court adjudicated this claim on the merits, in order to prevail on federal habeas review, Petitioner must establish that the state court's ruling resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent or that resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

As previously stated, the controlling Supreme Court precedent for ineffective assistance of counsel claims is Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md.. 956 F.2d 1290, 1297-99 (4ᵗʰ Cir.), cert, denied. 474 U.S. 865 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

In his federal habeas petition, Petitioner's entire argument with regard to this claim is that his counsel "did not object to two simultaneous interpreters." Such an argument is wholly

insufficient to carry Petitioner's burden of establishing that he was prejudiced.[4]  See Nickerson

v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), cert. denied, 507 U.S. 923 (1993)("a habeas

petitioner must come forth with some evidence that the claim might have merit.  Unsupported,

conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.")

## E.  UNQUALIFIED INTERPRETERS

Petitioner alleges that his due process rights were violated because he was assigned two

simultaneous interpreters who were not qualified.   Petitioner contends that as a result he was

unable to communicate with and ask questions of his counsel[5] and he did not fully understand

procedures.

Petitioner raised this claim for the first time in his MAR.   The MAR court addressed this

claim and ruled:

> The record clearly shows that language interpreters were provided
> for the Defendant.  If the Defendant was dissatisfied with his
> interpreters he should have objected and addressed this matter with
> the trial court.  This, further, is a ground or issue underlying the
> present motion  upon which in a  previous appeal, the Defendant
> was in a position to adequately raise but did not do so.  The
> Defendant's second claim is without merit.

The MAR court held that Petitioner's interpreters' claim was procedurally barred because he had

failed to raise it in his first appeal.  The procedural default rule of § 15A-1419(a) and (b) is an

adequate and independent state ground precluding habeas review.  See Williams v. French, 146

---

[4] Indeed, Petitioner's assertion in his MAR that his inability to understand the situation is
evidenced by the question and answer exchange on page 626 is unpersuasive.  The exchange
indicates Petitioner may have been confused by his situation but does not support a conclusion
that his interpreters were deficient.

[5] The Court notes that one of Petitioner's attorneys – Marcos Roberts – is fluent in
Spanish.  (Trial Trans p. 4)

F.3d 203, 209 (4th Cir. 1998), <u>cert. denied</u>, 525 U.S. 1155 (1999).   Consequently, Petitioner has procedurally defaulted this claim.

Even if Petitioner had not procedurally defaulted this claim it would still fail.  That is, Petitioner does not specify how he was prejudiced.  Conclusory assertions are insufficient to carry a federal habeas claim.   <u>See</u> <u>Nickerson v. Lee</u>, 971 F.2d 1125, 1136 (4th Cir. 1992), <u>cert. denied</u>, 507 U.S. 923 (1993)("a habeas petitioner must come forth with some evidence that the claim might have merit.  Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.").

## F.  ERRONEOUS JURY INSTRUCTION

Petitioner alleges that his constitutional rights were violated when the trial court instructed the jury on constructive possession and acting in concert because these theories were not alleged in the indictment.

Petitioner raised this claim in his MAR.  In denying Petitioner's MAR the state court stated that "these are legally proper instructions.   Secondly, upon appeal, the North Carolina Court of Appeals examined the jury instructions and found no error.  Thirdly, if this allegation of 'constructively' amending the complaint through instructing on constructive possession and acting in concert is an additional ground or issue, underlying this present motion, it is one that upon previous appeal the Defendant was in a position to adequately raise, but did not do so.  The sixth claim is without merit."

Because the state court adjudicated this claim on the merits, in order to prevail on federal habeas review,  Petitioner must establish that the state court's ruling resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court

precedent or that resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d).

An alleged error or omission in a state trial court's jury instruction violates the constitution only if the error was so egregious that it rendered the entire trial fundamentally unfair.  See Henderson v. Kibbe, 431 U.S. 145, 154 (1977);  Estelle v. McGuire, 502 U.S. 62, 66 (1991).   In determining whether a jury instruction, or lack of one, violated a defendant's due process rights, a reviewing court must make it determination in the context of the instructions as a whole and the trial record.  Henderson, 431 U.S. at 71.   Petitioner presents no evidence or argument to support a conclusion that the jury instruction charges at issue were so egregious that it rendered the entire trial fundamentally unfair.   Nor has Petitioner established that the state court ruling was contrary to or an unreasonable application of Supreme Court precedent.

## G. **INSUFFICIENT EVIDENCE**

Petitioner alleges that his constitutional rights were violated because insufficient evidence existed to support his convictions.

Petitioner raised this claim on direct appeal where it was denied on the merits.  The North Carolina Court of Appeals ruled as follows:

> Here there is uncontroverted evidence, including testimony by Officer Goodman, Chris Stark, a chemist with the North carolina Bureau of Investigation, and confidential informant Massey, that the amount seized was well over the 400-gram statutory minimum needed for the charged trafficking offenses.  See N.C. Gen. Stat. § 90-95(h).

> Moreover, there was substantial evidence that Defendants transported the cocaine by a carrying about or movement from one place to another: Ramirez met Bartlett, Aguiree, and De Lacruz in Cangor.  They then drove to Robbins, where they met up with

Diaz. Ramirez joined Diaz in Diaz's car, and Diaz drove to the Marshville Food Lion. There, as Officer Goodman watched Diaz and Ramirez switched cars with Bartlett and Aguiree, whom Ramirez told "it's under the seat." Viewing the evidence in the light most favorable to the State, substantial evidence existed as to the transport element of the trafficking charges.

There was also substantial evidence that Defendant had constructive possession or acted in concert with another to traffick by possession: The cocaine was found in Diaz's car, which Diaz was driving. While Diaz exchanged cars with Bartlett and Aguiree just prior to the sale to Massey, the record reflects that neither Bartlett nor Aguiree brought anything into Diaz's car at the time of the exchange. Moreover, Ramirez told Aguiree that "it' sunder the seat." When Bartlett and Aguiree drove across the parking lot to conduct the sale with Massey, they retrieved the cocaine bag from underneath the passenger's seat of Diaz's car, where Ramirez had been seated. After the police arrived at the scene, Diaz and Ramirez, along with de Lacruz, attempted to drive away. Viewing the evidence in the light most favorable to the state., substantial evidence existed as to the possession element of the trafficking charges.

In sum there was substantial evidence as to all of the elements of the trafficking charges.

. . .

There was substantial evidence that Diaz and Ramirez entered into an agreement to traffic in cocaine: Ramirez met Bartlett, Aguiree, and De Lacruz in Cangor. They then drove to Robbins, where they met up with Diaz. Ramirez joined Diaz in Diaz's car, and they drove to the Marshville Food Lion. There , Diaz and Ramirez switched cars with Bartlett and Aguiree. Ramirez told Aguiree that "it's under the seat." Immediately after the exchange, Bartlett and Aguiree drove across the parking lot to conduct the sale with Massey, and they retrieved the cocaine bag from underneath the passenger seat of Diaz's car, where Ramirez had been seated. When the police approached the scene, Diaz and Ramirez, along with De Lacruz attempted to drive away. Viewing the evidence in the light most favorable to the State, substantial evidence existed as to the conspiracy charges. . . . .

State v. Diaz, 169 N.C. App. 256 (2005).

Because the state court adjudicated this claim on the merits, in order to prevail on federal habeas review, Petitioner must establish that the state court's ruling resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent or that resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

In Jackson, the Supreme Court held that when reviewing a claim of insufficiency of the evidence, a court must consider whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 324; see also Wright v. West, 505 U.S. 277 (1992)(same).

In the instant case, as noted by the North Carolina Court of Appeals, sufficient evidence existed to support a finding beyond a reasonable doubt that Petitioner was guilty of the trafficking crimes with which he was charged. After reviewing all the evidence in the light most favorable to the prosecution, this Court does not find that the state court decision was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. Likewise, Petitioner does not assert and this Court does not find that the state court ruling was based on an unreasonable determination of facts, in light of the evidence presented in state court proceedings.

## H.  DISJUNCTIVE JURY INSTRUCTION

Petitioner alleges that the trial court erred when it instructed the jury on conspiracy in the disjunctive when the indictments charged in the conjunctive.

In order to exhaust a federal habeas claim in state court a petitioner must have expressly

raised that same federal constitutional claim in state court that he raises in federal court. <u>See</u> <u>Duncan v. Henry</u>, 115 S. Ct. 887 (1995). A review of the state court proceedings in this case reveal that Petitioner did not raise his erroneous jury instruction claim in federal constitutional terms in state court. The text in Petitioner's direct appeal brief supporting this claim makes no reference to the federal constitution. In addition while the North Carolina Constitution is listed in the Table of Authorities, there is no listing for the United States Constitution. While the Petitioner did assert in the heading that the jury instruction at issue violated his constitutional rights, given the table of authorities, it must be assumed that such reference is to the North Carolina Constitution. Moreover, even if this reference were to the United States Constitution, such a fleeting reference is insufficient to fairly present this issue in federal terms. <u>See</u> <u>Wilder v. Cockrell</u>, 274 F.3d 255, 260 (5th Cir. 2001)("A fleeting reference to the federal constitution, tacked onto the end of a lengthy purely state-law evidentiary argument, does not sufficiently alert and afford a state court the opportunity to address an alleged violation of federal rights."); <u>Chambers v. McCaughtry</u>, 264 F.3d 732. 738 (7th Cir. 2001)("A mere 'passing reference' to a constitutional issue certainly does not suffice."), <u>cert. denied</u>, 534 U.S. 1165 (2002); <u>Shumway v. Payne</u>, 223 F.3d 982, 987 (9th Cir. 2000)(naked reference to due process insufficient). As such, Petitioner has failed to exhaust a federal constitutional claim with regard to this issue.

If Petitioner were to return to state court and attempt to raise this claim in federal constitutional terms, it would be considered procedurally barred pursuant to North Carolina's mandatory post-conviction procedural bar statute. <u>See</u> N.C. Gen. Stat. § 15A-1419(a)(1), (a)(3) and (b). The procedural default rule of § 15A-1419(a) and (b) is an adequate and independent state ground precluding habeas review. <u>See</u> <u>Williams v. French</u>, 146 F.3d 203, 209 (4th Cir.

1998), cert. denied, 525 U.S. 1155 (1999). Consequently, Petitioner has procedurally defaulted[6] this claim.[7]

Even if it were determined that Petitioner had not procedurally defaulted his disjunctive jury instruction claim, Petitioner fails to establish that the North Carolina Court of Appeals decision on this issue resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent or that resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

An alleged error or omission in a state trial court's jury instruction violates the constitution only if the error was so egregious that it rendered the entire trial fundamentally unfair. See Henderson v. Kibbe, 431 U.S. 145, 154 (1977); Estelle v. McGuire, 502 U.S. 62, 66 (1991). In determining whether a jury instruction, or lack of one, violated a defendant's due process rights, a reviewing court must make it determination in the context of the instructions as a whole and the trial record. Henderson, 431 U.S. at 71. Petitioner presents no evidence or argument to support a conclusion that the jury instruction charges at issue were so egregious that

---

[6] Even if Petitioner had raised his disjunctive instruction claim in federal constitutional terms in his direct appeal, it would arguably still be procedurally barred because he did not file a petition for writ of certiorari with the North Carolina Supreme Court. As such Petitioner, who did not raise this issue in his collateral proceedings, has not exhausted this claim. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)(§ 2254's exhaustion requirement requires "state prisoners to give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" which includes filing petitions for discretionary review when that review is part of the ordinary appellate procedure in the State).

[7] The Court notes that any claim by Petitioner that his appellate counsel's failure to raise his claim in federal constitutional terms constituted cause so as to excuse his procedural default would itself be unexhausted. See Murray v. Carrier, 477 U.S. 478, 488-89 (1986).

it rendered the entire trial fundamentally unfair.

**THEREFORE, IT IS HEREBY ORDERED** that:

    1. Respondent's Motion for Summary Judgment is **GRANTED**; and

    2. Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED**.

    Signed: August 1, 2006

Graham C. Mullen
United States District Judge